Case: 1:23-cv-06138 Document #: 1 Filed: 08/25/23 Page 1 of 7 PageID #:1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

RECEIVED

AUG 25 2023 JC

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois

Bonjour Mack
Plaintiff

v.

Judge Franklin U Valderrama
Defendant

23-cv-6138
Judge Daniel
Magistrate Judge Hotaling
Random

## COMPLAINT

Judge Franklin U Valderrama exercised a Conflict of Interest by agreeing to Judge Valdez's wrong doings. Even though I reached out and pointed out to him the Judges deception, he chose to turn a blind eye to the truth. Judge Valderrama ignored my concerns and comments. Consequently I withheld my signature because I was confused. I refused to sign the settlement without reference to my work record, retirement, pension and other associated benefits. I wanted a face to face, but Judge Valderrama refused any contact with me and biasly Dismissed My Case with Prejudice.

The Judges actions caused me to lose the money that I've earned. Yes, the award that I was to receive was "only wages." This was confirmed by Mediation Judge, Maria Valdez during the the closing conference held on 2/22/22. Please find enclosed "Petition For Review." On the following page.

PETITION FOR REVIEW

United States Court Of Appeal
For the Seventh Circuit.
219 South Dearborn Street

August 20, 2023

Bonjour Mack
4945 N. Sheridan Rd Apt.1810
Chicago, Illinois 60640

Christopher G. Conway
Clerk Of Court
(312)435-5850

In Re: Complaint Of Judicial Misconduct or Disability Nos. 07-23-90022 and - 90023

Dear Mr. Christopher C. Conway:

Pursuant to the memorandum and order regarding the disposition of my complaint of Judicial misconduct or disability filed on June 16, 2023, I am hereby filing this letter to Petition the Judicial council of this circuit to review the misconduct and the order of, Mediation District Court Judge Maria Valdez. and Judge Franklin U. Valderamma, who is also a District Court Judge Of The Northern District Of Illinois Eastern Division. The two judges broke their judicial code of conduct by strategically mishandling my case, Bonjour Mack v Chicago Transit Authority, 1:17cv--06908 . They also broke the code by biasly ruling and executing verdictts that exemplified a CONFLICT OF INTEREST .

Judge Valdez sided with my former Employer, Defendant Chicago Transit Authority (CTA), by disallowing my counsel's request that I be present during important court hearings, misleading me into thinking that I was scheduled to appear in such meetings, falsifying facts and altimately ruling in their favor.
Judge Valderrama, exhibited a Conflict Of Interest by agreeing to and turning a blind eye to Judge Valdez's deception and unfair ruling. I communicated this to him through my attorney by email. In the email, I pointed out the Mediator's false statements and wrong doings. However, Judge Valderrama refused to respond to my comments

In this email, I also made Judge Valderamma aware that I was willing to accept the Settlement that I was awarded , as long as it was with reference to my work record, retirement, pension and other associated benefits . The Judge still disregarded my request and I was not given an explanation as to why. Nor was I properly counseled about the principles of the Closing Agreement. Confused, I withheld my signature hoping for a face to face with the District Judge. In November of 2022, my attorney Kenneth Battle, stated that there might be a possibility that he may want to speak to me.

On April 7, 2023, . I noticed an email from Mr.. Battle that was dated April 5, 2023. It stated, "**TODAY**, at the close of business, your old case will be converted to a dismissal with prejudice. We have not heard from you in weeks since you steadfastly refused to sign the W9 to collect your settlement payment. If you do not sign today, CTA will likely refuse to pay you anything, whether you sign or not. That's because the case will be

dismissed with prejudice. As a result, you will get **ABSOLUTELY NOTHING** for all the time and energy you put into this case."

I had unsuccessfully been trying to reach Mr. Battle.. In March of 2023, I sent an email to inform my lawyer of this. it read, " I haven't spoken to you since November of 2022.. We were waiting for the judge to decide how he would respond..." I explained this to Mr Battle by phone and he requested that I submit the Agreement to him and that he would beg CTA to accept it. I believed it was already too late and that signing the form would only make matters worse..

Even though CTA terminated me because of my disability and unfairly terminated me without reassigning me to a vacant position, Severance Pay, etc. Judge Valdez and Valderamma feels Justified with not only letting them get away without being held accountable, but they are also allowing them to keep the money that I've earned. Yes, the Settlement that I was to receive are my "wages." Judge Valdez pointed this fact out to me during my Settlement Conference held on 2/22/22. I can't see anything legally sound about their decisions and hope that the Court does not either.

I am begging the Court to help me to get the award that I unjustly lost, along with the status of my work record, Retirement, pension and other associated benefits.

Please find in detail my complaint regarding both judges on the following pages.

Thank You,

Signature _[signature]_
Date August 20, 2023

(773)668-6063
mackbonjour@gmail.com

*(AGAINST MY COUNSEL)*

On March 28, 2022, the parties filed a joint status report, noting that "[i]t was understood that a long form agreement would be prepared to substitute for the SETTLEMENT CHECKLIST/TERM SHEET" and "[t]o date, plaintiff has refused to sign the long form agreement prepared for such purpose, as she disagrees with the language of the release." R. 135. CTA's counsel requested a hearing be set to enforce the settlement agreement and dismiss the action. *Id.* Mack's counsel suggested that any such hearing include Mack so that she may be heard. *Id.*

CTA subsequently filed a Motion to Enforce the Settlement. R. 137. On July 19, 2022, Magistrate Judge Valdez issued her Report and Recommendation. Magistrate Judge Valdez found that there was an enforceable settlement agreement reached on February 22, 2022 and recommended that the Court enforce the settlement agreement and dismiss the action. *See* R&R. Mack filed a timely Objection to the Report and Recommendation, arguing that there was no settlement agreement reached because the parties did not come to an agreement on all material terms. Obj.

**Legal Standards**

"When a magistrate judge prepares a report and recommendation for a district court, the governing statute provides that the district court 'shall make a *de novo* determination 'with respect to any contested matter." *Kanter v. C.I. R*, 590 F.3d 410, 416 (7th Cir. 2009); see 28 U.S.C 636 (b)(1)(B), (C). De novo review "requires the Court to give fresh consideration to those issues to which specific objections have been made and to make a decision based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Garcia v. Shah*, 20202 WL 6738167, *2 (S.D. Ill. Nov. 17, 2020) (quoting *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.*

"A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with prejudice), is enforced just like any other contract." *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) (citations omitted). Settlement agreements, like other contracts, "are interpreted according to the law of the jurisdiction in which the contract was created," *In re Motorola Sec. Litig.*, 644 F.3d 511, 517 (7th Cir. 2011), which means Illinois law governs here. Under Illinois law, "[a] valid and enforceable contract requires an offer, an acceptance, and consideration." *Sheth v. SAB Tool Supply Co.*, 990 N.E.2d 738, 754–55 (Ill. App. Ct. 2013). A settlement agreement is binding and enforceable "if there was a meeting of the minds or mutual assent to all material terms." *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016) (citations omitted). "Illinois follows the objective theory of intent whereby the written records of the parties' actions—rather than their subjective mental processes—drive the inquiry." *Id.* "The essential

3

*4 OF 4*

terms must be 'definite and certain' so that a court can ascertain the parties' agreement from the stated terms and provisions." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007) (quoting *Quinlan v. Stouffe*, 823 N.E.2d 597, 603 (Ill. App. Ct. 2005)). The party seeking to enforce the settlement agreement bears the burden of establishing an enforceable settlement agreement. *See Kemp v. Bridgestone/Firestone, Inc.*, 625 N.E.2d 905, 909 (Ill. App. Ct. 1993); *IMI Norgren, Inc. v. D & D Tooling Mfg., Inc.*, 306 F. Supp. 2d 796, 802 (N.D. Ill. 2005).

## Analysis

The undisputed facts are that on February 22, 2022, the parties participated in a settlement conference with Magistrate Judge Valdez. Mack was represented by counsel and does not suggest that counsel lacked authority to settle the case. Mack attended the settlement conference remotely by video and concedes that at the settlement conference the parties reached a settlement agreement. Obj. at 1. The terms of the settlement were contained in the Term Sheet and were definite and certain: CTA would pay Mack directly a total of $25,000 within 30 days of final execution of the settlement and release. The parties further agreed that Mack would execute a release of all existing claims, whether or not raised in the litigation. Mack further agreed not to re-apply for employment with the CTA. Mack now claims that she "was not aware of the fact that [the settlement] would include other legal matters that do not pertain to this case," but she, through her counsel, agreed to that provision in the Term Sheet, which became effective on February 23, 2022. Term Sheet at 1 (checking box under "Scope of Release" indicating that "All existing claims, whether or not raised in the litigation" were released by the settlement).

[handwritten margin note: NO I DID NOT NOT AWARE]

Apparently, Mack changed her mind. However, a party's change of heart is not a basis to undo the settlement agreement. *Glass v. Rock Island Refining Corp.*, 788 F.2d 450 (7th Cir. 1996). Mack believed that she retained the right to bring any other potential lawsuits against the CTA. Mack's subjective intent, however, is irrelevant so long as her objective conduct reflected an intent to be bound by the agreement. *Foster v. Bd. of Educ. of Chicago*, 682 Fed. App'x. 468, 470 (7th Cir. 2017) (plaintiff's subjective belief that she reserved right to pursue other lawsuits against defendant irrelevant, where objective conduct reflected intent to be bound). Here, Mack and her attorney agreed to the settlement and said agreement was memorialized in the Term Sheet.

Mack characterizes the settlement as an "oral settlement agreement with the assistance of the Magistrate Judge." Obj. at 1. Whereas, the Magistrate Judge found that the parties reached a settlement and that the terms of that agreement were contained in the fully executed settlement checklist. Assuming that there was only an oral settlement agreement, as suggested by Mack, that would not change the outcome. Oral settlement agreements are valid and enforceable where there was a meeting of the minds and the terms of the agreement are definite and certain. *Glass*

(10)



**CHICAGO TRANSIT AUTHORITY**

567 West Lake Street, 3rd Floor
Chicago, Illinois 60661-1498
TEL 312 681-2253
www.transitchicago.com

December 9, 2014

Bonjour Mack
Badge 44800
P. O. Box 409036
Chicago, IL. 60640

*REASON TERMINATED*

CERTIFIED MAIL: 7008 1830 004 0610 8264

**Re: Administratively Separated**

Dear Ms. Mack,

In accordance with Attachment 'D', Area 605, of the collective bargaining agreement between the Authority and the Union representing you, your authorized time in an inactive status has expired. On 9/4/14, you were sent a letter informing you of an opportunity to apply for a (1) one year extension. The letter stated that to apply for the one year extension, you would need to submit acceptable medical documentation. The deadline to submit acceptable medical documentation was 12/8/14. On 12/8/14, you reported to the Benefits Department to turn in your medical documentation to apply for the (1) one year extension. Your request for the (1) one year extension was reviewed by our Medical Review officer and has been denied. Also, you did not exercise the alternative options:

1. Occupational Injury Disability Pension,
2. Non-Occupational Disability Pension,
3. Normal Retirement or Early Retirement.

Therefore, you have been administratively separated (effective: **12/9/14**) from the Chicago Transit Authority. You are required to turn in your CTA Riding Card and any outstanding CTA equipment immediately. Upon receipt of all property, a clearance certificate will be prepared to compensate you for any monies you may have coming. Please turn in your CTA equipment to Benefits Services.

*The Deadline was contradicting to the other letter*

Upon your separation and in the event your Health Benefits are being terminated, under federal law, employees and their covered dependents are eligible for continued health care coverage. In accordance with the Consolidated Omnibus Budget Reconciliation Act (COBRA) of 1985, you may continue your health care benefits at your own expense for eighteen months. Wageworks, CTA's current COBRA administrator, will forward a Continuation of Coverage Application to the residence address you have listed with CTA. If you do not receive your Confirmation of Coverage application within 45 days, please contact the CTA Benefits Department at (312) 681-2225 (press 3). You may contact the COBRA administrator, Wageworks COBRA billing at (877) 502-6272 for additional information.

We regret the necessity of this action and wish you much success in your future endeavors.

Sincerely,

Lisa Walik
General Manager
Benefits Service

(9)

RECEIVED
SEP 25 2017 DC
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

**IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT**

Bonjour Mack
Plaintiff

v.

(CTA) Chicago Transit Authority
Defendant(s).

1:17-cv-06908
Judge Joan H. Lefkow
Magistrate Judge Maria Valdez

**Instructions:** Please answer every question. Do not leave any blanks. If the answer is "none" or "not applicable (N/A)," write that response. Wherever a box is included, place a ✓ in whichever box applies. If you need more space to answer a question or to explain your answer, attach an additional page that refers to each such question by number and provide the additional information. Please print or type your answers.

Application: I, **Bonjour Mack**, declare that I am the ☑ plaintiff ☐ petitioner ☐ movant ☐ (other _____) in the above-entitled case. This affidavit constitutes my application to proceed ☑ without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ☐ both. I declare that I am unable to pay the costs of these proceedings, and I believe that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of my application, I answer the following questions under penalty of perjury.

1. Are you currently incarcerated? ☐ Yes ☑ No
   (If "No" go to question 2.)
   ID #: N/A    Name of prison or jail: N/A
   Do you receive any payment from the institution? ☐ Yes ☑ No
   Monthly amount: N/A

2. Are you currently employed? ☐ Yes ☑ No
   A. If the answer is "yes," state your:
      Monthly salary or wages: N/A
      Name and address of employer: N/A

   B. If the answer is "no," state your:
      Beginning and ending dates of last employment: 12/9/2012
      Last monthly salary or wages: $30.00 hrly
      567 W Lake Street Chgo, IL 60661
      Name and address of employer: 567 W Lake Street Chicago, Illinois 60661

3. Are you married? ☐ Yes ☑ No
   If the answer is "yes", is your spouse currently employed? ☐ Yes ☐ No

Rev. 06/03/2016